## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

TIARA CLARK                          :
3436 N. Mascher St.                   :
Philadelphia, PA 19140               :          CIVIL ACTION
                                      :
          Plaintiff,                  :          No.:_____
                                      :
     v.                               :
                                      :
BIG WAY, INC.                         :
d/b/a Valley Green Inn                :          **JURY TRIAL DEMANDED**
7 Valleygreen Rd.                     :
Philadelphia, Pa 19128               :
          and                         :
JACK OTT                              :
c/o Big Way, Inc.                     :
7 Valleygreen Rd.                     :
Philadelphia, Pa 19128               :
                                      :
          Defendants.                 :
_____:

## CIVIL ACTION COMPLAINT

Anika Bernard (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Big Way, Inc. d/b/a Valley Green Inn and Jack Ott (*hereinafter* collectively referred to as "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

_____

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant Big Way, Inc. (hereinafter "Defendant Entity") is a corporation that operates a restaurant and a banquet and wedding venue space in Fairmount Park in Philadelphia, Pennsylvania.

8.      Defendant Jack Ott (hereinafter "Jack Ott") is upon information and belief, the owner and a high-level decision maker concerning terms and conditions of employment for

2

employees (including Plaintiff) of Defendant Entity including but not limited to hiring, firing, and issuing discipline.

9.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

10.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.    Plaintiff is a black (African-American) female.

12.    Plaintiff was hired by Defendants in or about July of 2018.

13.    Plaintiff worked for Defendants as a server until in or about February of 2022, when she was unlawfully terminated from her employment (discussed further *infra*).

14.    During Plaintiff's employment with Defendants, Defendants' serving staff was primarily Caucasian and in November of 2021, Defendant hired a new front of the house manager, Maximillian Froelich (hereinafter "Froelich"), who was also Caucasian.

15.    Towards the end of Plaintiff's employment, she observed and was subjected to racial discrimination.

16.    For example, the majority of customers that were sat in Plaintiff's section were African-American/black.

17.    Plaintiff observed that the hostess would literally track her down and force her to handle primarily black customers or would primarily assign black customers to her section.

18.    Plaintiff asked the hostess on numerous occasions to seat customers in her section of all races and not just her own race, as it made Plaintiff feel uncomfortable and resulted in her not being assigned as many customers as her Caucasian counterparts.

19.    The hostess did not listen and continued to primarily seat Plaintiff's section with black customers (which sometimes resulted in her losing out on customers).

20.    Plaintiff expressed concern of racial discrimination to Froelich and in response, he conveyed Plaintiff's concerns to Defendant Ott.

21.    After Froelich escalated Plaintiff's concerns, Defendant Ott contacted Plaintiff and asked him how much money she thought she lost because of the racist behavior that was occurring. Ott then tried to pay Plaintiff in cash for such loss, rather than investigate and correct the racist behavior occurring within his restaurant.

22.    Again, Defendant Ott's aforesaid actions made Plaintiff feel uncomfortable, but she continued to work for Defendant.

23.    Unfortunately, the aforesaid racist behavior did not cease and as a result, Plaintiff asked Froelich if it was possible for her to change to a "pick-up" server.

24.    A pick-up server is a server who is not scheduled for any particular shift but rather will pick up shifts when needed.

25.    There were several other employees who were pick-up servers within Defendant Entity prior to Plaintiff's termination.

26.    Within Defendant, it was customary for pick-up servers' names to remain on the schedule for the purpose of potentially being scheduled if another server was unable to make their shift.

27.     Froelich agreed to make Plaintiff a pick-up server and just days before Plaintiff's termination asked her if it was okay to put her on "pick-up only," to which Plaintiff responded "yes."

28.     Shortly after her aforesaid conversation with Froelich, Plaintiff was asked by several servers to pick up their shifts and while she agreed, Defendants denied her the ability to do so.

29.     Plaintiff was told that the decision to deny Plaintiff pick-up shifts came from Defendant Ott.

30.     When Plaintiff questioned Defendant Ott about this, he accused Plaintiff of giving her two weeks' resignation notice and therefore was no longer employed with Defendant Entity.

31.     Plaintiff never gave two weeks' notice or resigned from her employment with Defendants.

32.     Plaintiff only ever questioned whether she could be a "pick-up only" server.

33.     It was agreed to by Defendant Entity's management that she would be a "pick-up only" server and had there been no such agreement, Plaintiff would have continued to work as a full-time server (as she did not want to lose her job).

34.     Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated because of her race and/or in retaliation for her complaints of race discrimination.

**COUNT I**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**
**-Against Both Defendants-**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.    During Plaintiff's employment with Defendants, she was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/or derogatory treatment because of her race.

37.    Instead of meaningfully investigating Plaintiff's aforesaid complaints of race discrimination, Defendants' non-black management ignored them, tried to pay her off, left her legitimate concerns unresolved, and she continued to be subjected to discrimination (as discussed *supra*).

38.    In or about February of 2022, Plaintiff was terminated from her employment with Defendants, after Defendant's management refused her work and tried to allege that Plaintiff had resigned from her employment with Defendant Entity – which is completely false and pretextual.

39.    Plaintiff believes and therefore avers that her race was a motivating or determinative factor in Defendants' decision to terminate her employment.

40.    Plaintiff also believes and therefore avers that she was terminated in retaliation for complaining of racial discrimination in advance of her termination.

41.    Defendant Ott is personally liable for the violations alleged herein because he aided, abetted and personally participated in the discriminatory/retaliatory actions described herein.

42.    These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Section 1981.

**COUNT II**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**
**-Against Defendant Entity Only-**

43.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. During Plaintiff's employment with Defendants, she was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/derogatory treatment because of her race.

45. Instead of meaningfully investigating Plaintiff's aforesaid complaints of race discrimination, Defendants' non-black management ignored them, tried to pay her off, left her legitimate concerns unresolved, and she continued to be subjected to discrimination (as discussed *supra*).

46. In or about February of 2022, Plaintiff was terminated from her employment with Defendants, after Defendant's management refused her work and tried to allege that Plaintiff had resigned from her employment with Defendant Entity – which is completely false and pretextual.

47. Plaintiff believes and therefore avers that her race was a motivating or determinative factor in Defendants' decision to terminate her employment.

48. Plaintiff also believes and therefore avers that she was terminated in retaliation for complaining of racial discrimination in advance of her termination.

49. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.    Plaintiff is to be awarded any and all statutory enhancements available as a matter of law.

G.    Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  September 7, 2022

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Tiara Clark     :     CIVIL ACTION

v.          :

:

Big Way, Inc. d/b/a Valley Green Inn, et al.  :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X )

_____   _____   Plaintiff
9/7/2022
**Date**      **Attorney-at-law**    **Attorney for**

(215) 639-0801    (215) 639-4970    akarpf@karpf-law.com
_____   _____   _____
**Telephone**     **FAX Number**    **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___3436 N. Mascher Street, Philadelphia, PA 19140_____

Address of Defendant: ___7 Valleygreen Road, Phladelphia, PA 19128_____

Place of Accident, Incident or Transaction: ___Defendants place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/7/2022_____    _____    ___ARK2484 / 91538___
                                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify): _____*

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __9/7/2022_____    _____    ___ARK2484 / 91538___
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CLARK, TIARA

**(b)** County of Residence of First Listed Plaintiff _Philadelphia_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

BIG WAY, INC. D/B/A VALLEY GREEN INN, ET AL.

County of Residence of First Listed Defendant _Philadelphia_
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1 U.S. Government Plaintiff

**X** 3 Federal Question
*(U.S. Government Not a Party)*

2 U.S. Government Defendant

4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | **X** 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original Proceeding

2 Removed from State Court

3 Remanded from Appellate Court

4 Reinstated or Reopened

5 Transferred from Another District *(specify)*

6 Multidistrict Litigation - Transfer

8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII (42USC2000); SECTION 1981 (42USC1981)

Brief description of cause:
Violations of the TITLE VII, SECTION 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes   'No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
9/7/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

| Print | Save As... | Reset |